**UNITED STATES OF AMERICA**

v.

**SHERON L. ROGERS**
Name

on file
Street Address

on file
City

**3:14-CR-00115-MO**
Court Number

**2014R00186**
U.S. Attorney's File No.

## AGREEMENT FOR PRETRIAL DIVERSION

Beginning on or about March 4, 2014, in the District of Oregon, you did interfere with and disrupt the flight crew on Southwest Airlines Flight 1010, flying from Seattle to Sacramento, in violation of Title 49, United States Code, Section 46504. You accept responsibility for your behavior by your signature on this Agreement. After investigation of the offense, and your background, your interest and the interest of justice will be served by the following procedure; therefore:

On the authority of the Attorney General of the United States, by S. Amanda Marshall, United States Attorney for the District of Oregon, prosecution in this District for this offense shall be deferred to the period of twelve (12) months from the date this Agreement is signed and entered by the court, provided you abide by the following conditions and requirements of this Agreement set out below.

Should you violate the conditions of this Agreement, the United States Attorney may revoke or modify any conditions of the pretrial diversion program or change the period of supervision, which shall in no case exceed eighteen months. The United States Attorney may at any time within the period of your supervision initiate prosecution for this offense should you violate the conditions of this Agreement. You have no right to a hearing or appeal from the decision of the United States Attorney.

After successfully completing your diversion program and fulfilling all the terms and conditions of this Agreement, no prosecution for the offense set out on page 1 of this Agreement will be instituted in this District, and the charges against you will be dismissed.

Neither this Agreement nor any other document filed with the United States Attorney as a result of your participation in the Pretrial Diversion Program will be used against you, except for impeachment purposes, in connection with any prosecution for the above-described offense.

## Conditions of Pretrial Diversion

1. You shall not violate any law (federal, state and local). You shall immediately contact your pretrial diversion supervisor if arrested and/or questioned by any law enforcement officer.

2. You shall continue to live in this judicial district. If you intend to move out of the district, you shall obtain approval from your pretrial diversion supervisor so that the appropriate transfer of program responsibility can be made.

3. You shall attend school or work regularly at a lawful occupation or otherwise comply with the terms of the special program described below. If you lose your job or are unable to attend school, you shall notify your pretrial diversion supervisor at once. You shall consult him/her prior to job or school changes.

4. You shall report to your supervisor as directed and keep him/her informed of your whereabouts.

5. Special Conditions:

   a) You shall report to Pretrial Services as directed;

   b) Do not change place of residence without the prior approval of U.S. Pretrial Services.

   c) Travel is limited to Oregon unless prior approval is obtained from U.S. Pretrial Services.

   d) Do not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. Section 802, unless prescribed by a licensed medical practitioner. This provision does not permit the use or possession of medical marijuana even with a physician's written certification. The defendant is prohibited from using or possessing any synthetic intoxicating substance, including but not limited to "Spice", "K-2" and other forms of synthetic marijuana.

   e) Do not use, possess, or consume alcohol.

   f) Participate in drug/alcohol assessment and undergo counseling as directed by U.S. Pretrial Services.

   g) Participate in a mental health evaluation and counseling at the direction of U.S. Pretrial Services. The defendant is also to take all medications as prescribed. The defendant shall participate in medication monitoring if directed by Pretrial Services.

   h) Neither own, possess, nor control any firearm (or any weapon).

i)     Reside at a community corrections center (CCC) and abide by all rules of the facility until otherwise notified by U.S. Pretrial Services. The defendant shall appear before the Duty Magistrate Judge for a status hearing if still residing at the CCC after 60 days. Avoid all contact with the following named persons: Victim Airline Employees.

j)     The defendant is to pay a percentage of all fees for services obtained while under Pretrial Services Supervision.

k)     Find and maintain gainful full-time employment, approved schooling or a full-time combination of both, as directed and approved by Pretrial Services.

l)     The defendant shall submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

m)     In the event the defendant violates the schedule of location monitoring (if any), cannot be located, or violates any program rule of a residential treatment program or community corrections center, U.S. Pretrial Services is authorized to notify the United States Marshals Service or responsible law enforcement agency who is then commanded to arrest the defendant for the violation and bring him/her before a United States Magistrate Judge without unnecessary delay.

## Acknowledgment

I understand and agree that the decision as to whether or not I am in violation of the terms of the Agreement is solely that of the United States Attorney in consultation with the U. S. Pretrial Services Office.

I understand the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. I hereby request that the United States Attorney for the District of Oregon defer any prosecution of me for violation of Title 18, United States Code, Section 664, for the period of twelve (12) months, and I agree that any delay from the date of this Agreement to the date of the initiation of the prosecution, as provided for in the terms expressed herein, shall be deemed to be a necessary delay at my request and I waive any defense to such prosecution on the ground that such delay operated to deny my rights under Rule 48(b) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the Constitution of the United States to a speedy trial or to bar the prosecution by reason of the running of the statute of limitations for a period of twelve (12) months, which is the period of this Agreement.

I understand that, in the event this agreement is successfully completed and the charge is dismissed, I will not seek attorneys fees, and will not assert that such a dismissal makes me a prevailing party, under Title 18, United States Code, Section 3006A.

I also knowingly waive any right which may exist under a "Pretrial Diversion Operations Agreement" in this District to file any motion requesting expungement of my arrest or other criminal record in connection with this pretrial diversion matter.

///

///

///

///

///

///

///

///

///

///

///

I understand the conditions of my pretrial diversion and agree that I will comply with them.

7-30-14
Date

SHERON LAMAR ROGERS
Name of Divertee

7-30-14
Date

LISA HAY
Defense Counsel

7/30/14
Date

ETHAN D. KNIGHT
Assistant United States Attorney

7/30/14
Date

CHRISTINA SONG
U.S. Pretrial Services Officer

APPROVED:

8/13/14
Date

HONORABLE MICHAEL MOSMAN
United States District Judge